ROBERT L. BLAND, Juixm,

dissenting in part, concurring in part.

I cannot subscribe to the rule announced in the above syllabus and dissent to so much of the opinion of the court as holds that a claim for damages to property or person injured by negligence of state agent or employe while engaged in discharge of governmental function justifies appropriation of public funds on the basis of valid moral obligation of state. However, I do concur in the conclusion reached and in the awards made. The case has a very strong appeal to this court. No precautionary measures were employed after the completion of the work to warn persons using the road of the danger occasioned by the use of the calcium chloride.
I think that every case presented to the court of claims should be determined upon its own basis, and that the two claimants in whose favor awards are made have established by sufficient proof their rights thereto.
I would not want to be understood as agreeing to a proposition that would deny the state to discharge its governmental functions or hold that the rights of a pedestrian on the highway are superior to the rights of the state.